DEFENDANT
EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, STATE OF COLORADO<br><br>Court Address: 1100 Judicial Center Drive<br>Brighton, Colorado 80601 (303) 659-1161 | DATE FILED: April 20, 2022 7:52 PM<br>FILING ID: 4F05345A103FEY<br>CASE NUMBER: 2022CV30482 |
| **Plaintiff:**   BRIDGET SMITH<br><br>v.<br><br>**Defendant:**   STACY FUJISAWA; LIFE LINE SCREENING OF AMERICA, LTD | Case No:<br><br><br>Division/Courtroom: |
| *Attorneys for Plaintiff:*<br><br>Barrett Weisz, #27601<br>BARRETT WEISZ, LLC<br>900 Arapahoe Avenue<br>Boulder, CO  80302<br>(303) 443-0521<br>Weiszllc@gmail.com | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff, Bridget Smith, through her counsel Barrett Weisz, LLC, for her Complaint against Defendants Stacy Fujisawa and Life Line Screening of America, LTD, states and alleges as follows:

**PARTIES AND VENUE**

1. Plaintiff Bridget Smith is currently a resident of the State of Nebraska and was a resident of the State of Colorado at the time of the December 11, 2020 accident.

2. Defendant Stacy Fujisawa is a resident of the State of Colorado.

3. Defendant Life Line Screening of America, LTD ("Life Line") is an Ohio Corporation with its principal place of business at 6111 Oak Tree Blvd, Suite 301, Independence, OH 44131.

4. Venue is proper in Adams County pursuant to C.R.C.P. 98(c)(1) as one or more of the Defendants is a nonresident of the State of Colorado.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates all preceding paragraphs as though fully alleged here.

6. On December 11, 2020, Plaintiff was driving a 2007 Honda CRV with all-wheel drive on eastbound I-76.

7. On December 11, 2020, Defendant Fujisawa was driving a 2018 Ford Transit Connect Van with front wheel drive eastbound on I-76 and Jared Ramirez ("Ramirez") was riding in the front passenger seat.

8. Both vehicles reached milepost 73 with Defendant Fujisawa's vehicle in the right lane and Plaintiff traveling behind in the same lane.

9. Plaintiff moved into the left lane to pass Defendant Fujisawa remaining under the posted 75 MPH speed limit.

10. As Plaintiff's vehicle was almost beyond Defendant Fujisawa's vehicle, Defendant Fujisawa lost control coming into the left lane and striking the rear of Ms. Smith's vehicle.

11. The force of the impact from Defendant Fujisawa's vehicle sent Plaintiff's vehicle out of control into the median where it rolled several times across both lanes of westbound I-76 coming to rest in the far-right lane.

12. The Colorado State Patrol determined that Defendant Fujisawa spun out of control and committed a lane violation when she struck Plaintiff's vehicle.

13. Defendant Fujisawa was aware that Ramirez crashed a similar vehicle on eastbound I-76 on December 11, 2020 prior to the collision with Plaintiff.

14. Defendant Fujisawa was in the course and scope of her employment with Defendant Life Line when she collided with Plaintiff's vehicle on December 11, 2020.

15. Defendant Life Line gave permission to Defendant Fujisawa to use the company vehicle on December 11, 2020 having reason to know that Defendant Fujisawa is likely to create an unreasonable risk of harm to others through the use of the company vehicle.

16. Defendant Life Line failed to use reasonable care when it hired, trained and supervised Defendant Fujisawa concerning the proper and safe use of the company vehicle prior to her use of the vehicle on December 11, 2020.

17. The collision on December 11, 2020 caused Plaintiff's injuries, damages, and losses, including, but not limited to, fractured vertebrae.

**FIRST CLAIM FOR RELIEF**
**(Negligence/Negligence Per Se - Defendant Fujisawa)**

18. Plaintiff incorporates all preceding paragraphs as though fully alleged here.

19. Defendant Fujisawa owed a common law duty to act reasonably in driving a vehicle.

20. On December 11, 2020, Defendant Fujisawa failed to keep a proper lookout while driving her vehicle, failed to remain in her lane, and operated her vehicle in a negligent manner.

21. Defendant Fajisawa also owed statutory duties to drive in compliance with state and local statutes, including but not limited to, C.R.S. §42-4-1402 and C.R.S. §42-4-1007, and to comply with all other vehicle safety laws.

22. Vehicle safety laws were enacted to protect the public from the type injuries suffered by Plaintiff and Plaintiff was a member of the group of persons these statutory provisions were intended to protect.

23. On December 11, 2020, Defendant Fujisawa negligently, carelessly, and recklessly operated her motor vehicle breaching her common law and statutory duties and, as a result, causing the collision with Plaintiff's vehicle.

24. As a direct, foreseeable, and proximate result of Defendant Fujisawa's negligence, Plaintiff suffered injuries, damages, and losses.

25. Plaintiff seeks all damages allowed by law against Defendant Fujisawa.

**SECOND CLAIM FOR RELIEF**
**(Respondeat Superior-Defendant Life Line)**

26. Plaintiff incorporates all preceding paragraphs as though fully alleged here.

27. Defendant Fujisawa breached her duties to Plaintiff and others on December 11, 2020 when she negligently, carelessly, and recklessly operated her motor vehicle breaching her common law and statutory duties and, as a result, causing the collision with Plaintiff's vehicle.

28. Defendant Fujisawa was an employee acting within the scope of her employment with Life Line at the time of the collision with Plaintiff's vehicle on December 11, 2020.

29. Defendant Fujisawa's breach of her duties caused Plaintiff's injuries, damages, and losses.

30. Defendant Life Line is vicariously liable for Plaintiff's injuries, damages and losses caused by Defendant Fujisawa's negligence.

31. Plaintiff seeks all damages allowed by law against Life Line.

### THIRD CLAIM FOR RELIEF
### (Negligent Entrustment-Defendant Life Line)

32. Plaintiff incorporates all preceding paragraphs as though fully alleged here.

33. Defendant Life Line permitted Defendant Fujisawa to drive a company vehicle as part of Defendant Fujisawa's employment with Defendant Life Line.

34. The company vehicle driven by Defendant Fujisawa was under the control of Defendant Life Line.

35. Defendant Life Line gave permission to Defendant Fujisawa to use the company vehicle knowing or having reason to know that Defendant Fujisawa was likely to create an unreasonable risk of harm to others through the use of the company vehicle.

36. As a direct, foreseeable, and proximate result of Defendant Life Line's conduct, Plaintiff suffered injuries, damages, and losses.

37. Plaintiff seeks all damages allowed by law against Defendant Life Line.

### FOURTH CLAIM FOR RELIEF
### (Negligent Hiring, Training and Supervision-Defendant Life Line)

38. Plaintiff incorporates all preceding paragraphs as though fully alleged here.

39. Defendant Life Line owed a the duty to use reasonable care in the hiring, training, and supervision of its employees to ensure they do not create a danger to the public in carrying out the duties of their employment.

40. Defendant Life Line breached this duty by failing to use reasonable care in the hiring, training, and supervision of Defendant Fujisawa.

41. As a direct, foreseeable, and proximate result of Defendant Life Line's actions and omissions in the hiring, training and supervising of Defendant Fujisawa, Plaintiff suffered injuries, damages, and losses.

42. Plaintiff seeks all damages allowed by law against Defendant Life Line.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against all Defendants in an amount which will fairly and reasonably compensate the Plaintiff for her injuries, damages, and losses, plus interest from the date of the incident, costs, attorneys' fees as allowed by law, and such other and further relief as the Court may deem appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Respectfully submitted this 20th day of April, 2022.

                                                                                       BARRETT WEISZ, LLC

                                                                                       */s/Barrett Weisz*
                                                                                       Barrett Weisz

Plaintiff Address:
1216 Robin Dr.
Bellevue, NE  68005